UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/28/09

                              :
         In re               :      **MEMORANDUM DECISION**

         M/V DG HARMONY      :      98 Civ. 8394 (DC)

    and Consolidated Cases   :

                              :
- - - - - - - - - - - - - - - - - -x

**APPEARANCES:**   LOVEJOY & ASSOCIATES, LLC
         By: Frederick A. Lovejoy
         276 Center Road
         Easton, Connecticut 06612
         Attorneys for Oriental Fire
         & Marine Insurance Co., Ltd.

         DLA PIPER US LLP
            By: Stanley McDermott III
         125 Avenue of the Americas, 29th Floor
         New York, New York 10020
         Attorneys for PPG Industries, Inc.

**CHIN, District Judge**

This case arises out of the 1998 loss of the M/V DG HARMONY. All cargo and container claimants have stipulated with PPG Industries Inc. ("PPG") as to the amounts of their claims with one exception: a claim for the loss of cargo containers asserted by Oriental Fire & Marine Insurance Company ("Oriental") against PPG for $143,818 plus interest.

In early 2007, Oriental and PPG submitted written materials. At a conference before the Court on March 8, 2007, the parties agreed that I could decide the claim based on the parties' submissions. After the conference, however, PPG provided additional materials, including a report by the Spencer

Company ("Spencer"), concluding that the Oriental claim had not been sufficiently documented. Oriental has now been given the opportunity to submit further materials in support of its claim, and Oriental has done so. Upon consideration of all of the materials, Oriental's claim is hereby DENIED.

## DISCUSSION

To evaluate the myriad cargo and container claims levied against it, PPG hired Spencer as an expert adjuster. Spencer requested information from all claimants, including, as to the container claimants, the type, size, age, book value, and subrogation receipts for every claimed container. All of the container claimants -- except for Oriental -- were able to provide satisfactory documentation. Oriental failed to do so.

Despite repeated requests to supplement its submission, Oriental provided inadequate evidence as to which containers it claimed, whether the containers were actually on board the ship at the time of the fire and explosion, and whether the containers were actually insured by Oriental. Oriental provided a list of 72 container numbers that it asserts identify the 72 lost containers it claims to have lost. But its documentation contains numerous errors. For example, the list includes nine incorrect numbers and one duplicate number. Further, Oriental's documentation indicates that only 28 of the 72 claimed containers were actually covered by Oriental insurance policies, for a total insured value of only $42,202.

Oriental has also provided inadequate evidence regarding the value of the containers that it claims to have lost. Oriental now demands $143,818 for the loss of 72 containers, but its primary piece of evidence -- a report it claims to have commissioned from the Peet Company shortly after the fire and explosion -- indicates that Oriental lost 68 containers with a total insured value of $144,195. The per-container values that Oriental puts forward are substantiated by no evidence, such as detail as to the age, type, or size of the containers at issue. Further, some of the per-container values that Oriental demands differ markedly from the per-container values that Oriental lists on the insurance policy that it issued to the container's owner.

Oriental's latest written submission does not explain the discrepancies in its scant documentation. Oriental's primary argument appears to be that PPG has waived any defenses because PPG failed to respond to a Request for Admission served in 2000. This argument is rejected. Oriental consented to a loss-corroboration procedure to adjudicate all claims, yet it did not produce the documentation that PPG and Spencer repeatedly requested, and that every other claimant adequately produced. In Oriental's counsel's October 23, 2009 letter, Oriental makes only conclusory arguments regarding the validity of its claims. It is Oriental's burden of proof to establish the existence of a loss and its value. It has failed to do so, and its claim must be rejected.

**CONCLUSION**

For the reasons set forth above, Oriental's claim is hereby DENIED.

SO ORDERED.

Dated:  New York, New York
        October 28, 2009

                                   _____
                                   DENNY CHIN
                                   United States District Judge